UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JAIME MORENO, Individually and On Behalf of Those Similarly Situated, AND OLGA MORENO, Plaintiffs, <br><br>v. <br><br> ALLISON MEDICAL, INC., Defendant/Third-Party Plaintiff, <br><br>v. <br><br>EMPOWER CLINIC SERVICES, LLC and LARRY LIPSHULTZ, MD Third-Party Defendants. | CIVIL ACTION 3:20-cv-300 |

## THIRD PARTY COMPLAINT

Now comes Defendant/Third-Party Plaintiff ALLISON MEDICAL, INC., complaining of Third-Party Defendants EMPOWER CLINIC SERVICES, LLC and LARRY LIPSHULTZ, MD, and, pursuant to Fed. R. Civ. P. 14, alleges and would show the following:

## I.
## PARTIES

1. ALLISON is a corporation organized and existing under the laws of the State of Colorado with its principal place of business in Colorado. ALLISON has answered and made an appearance in this lawsuit.

632919.1 PLD 9930 21454 BB

2. LARRY LIPSHULTZ, MD is an individual resident of Texas, who may be served with process at 6624 Fannin Street, Suite 1700, Houston, Texas 77030 or wherever he may be found.

3. Upon information and belief, EMPOWER CLINIC SERVICES, LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Texas and may be served through its registered agent, Shaun Noorian, 5980 W. Sam Houston Pkwy North, Suite 300, Houston, TX 77041-5251.

4. ALLISON asserts this Third-Party Complaint against EMPOWER and LIPSHULTZ pursuant to Fed. R. Civ. P. 14 and will show that EMPOWER and LIPSHULTZ are liable to ALLISON for all or part of Plaintiff Moreno's claims against ALLISON.

## II.
## JURISDICTION & VENUE

5. This Court has supplemental jurisdiction over this Third Party Complaint pursuant to 28 U.S.C. § 1367, inasmuch as the claims asserted herein are so related to the claims within the Court's original jurisdiction (*i.e.* the claims of Plaintiff's First Amended Complaint) that they form part of the same case or controversy under Article III of the United States Constitution.

6. LIPSHULTZ and EMPOWER regularly and systematically conduct business in the State of Texas, were engaged in the acts or omissions alleged herein in the State of Texas, and EMPOWER maintains an agent for service of process in the State of Texas, vesting this Court with personal jurisdiction over Third-Party Defendants.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that the events giving rise to this Third-Party Complaint occurred in this judicial district.

## III.
## FACTS

8. Defendant/Third-Party Plaintiff ALLISON MEDICAL, INC. markets and sells certain medical syringes identified as 31-gauge "Sure Comfort Insulin Syringes," U-100 Insulin, Lot # 181105AS, EXP 2023-10-31, NDC # 86227065105 (hereinafter referred to as the "Syringe").

9. On or about August 29, 2019, together with various prescriptions for injectable medications for the treatment of his erectile dysfunction, Plaintiff Jaime Moreno's physician, LARRY LIPSHULTZ, MD wrote Plaintiff Moreno a prescription for the Syringes, thereby directing Plaintiff Moreno to use the Syringes to administer said injectable medications intracavernously (that is, directly into the shaft of Plaintiff's penis). EMPOWER filled the prescription.

10. Plaintiff Moreno alleges that, on September 24, 2019, as he was attempting to administer erectile dysfunction medication using the Syringe as prescribed by LIPSHULTZ and EMPOWER, the needle within the Syringe broke off inside the shaft of Plaintiff's penis, causing him to sustain personal injury damages.

11. Plaintiffs subsequently filed their Original Class Action Complaint and First Amended Class Action Complaint, asserting claims for strict liability, negligence, violations of the Texas Deceptive Trade Practices Act against ALLISON, and seeking to certify as a class all purchasers of the same lot number of Syringe employed by Plaintiff,

asserting on behalf of the putative class claims for breach of express and implied warranties.

12.     ALLISON will show that the Syringe is intended solely for the subcutaneous administration of diabetic insulin. It is not intended for the administration of erectile dysfunction medication and is certainly not intended for intracavernous injection. The Syringe itself contains a warning that it is to be used for "U-100 INSULIN ONLY."



13.     Accordingly, Third-Party Defendants LIPSHULTZ and EMPOWER, by prescribing and filling the prescription for Syringes for use in intracavernous injection of erectile dysfunction medication, engaged in an off-label misuse of the Syringe, and are wholly liable for any and all damages alleged by Plaintiff Moreno.

## IV.
## CAUSE OF ACTION: INDEMNITY AND CONTRIBUTION

14.     ALLISON restates and incorporates the foregoing allegations as if fully set forth herein.

15.     ALLISON alleges that LIPSHULTZ and EMPOWER are liable for independent acts of negligence which caused or contributed to the occurrence and damages sought by Plaintiff Moreno and seeks contribution as permitted by Tex. Civ. Prac. & Rem.

Code 33.001 and 33.003, as well as common law principles of equitable indemnity and/or contribution. More specifically, LIPSHULTZ and/or EMPOWER caused any and all damages alleged by Plaintiff Moreno by prescribing the subject Syringe for off-label misuse (that is, intracavernous injection of erectile dysfunction medication). These negligent acts and/or omissions on the part of LIPSHULTZ and/or EMPOWER were the proximate cause of the damages alleged by Plaintiff Moreno. Defendant/Third-Party Plaintiff ALLISON thus seeks contribution damages from LIPSHULTZ and EMPOWER for their role in causing or contributing to the occurrence in question and in causing or contributing to Plaintiff Moreno's alleged injuries and damages.

WHEREFORE, premises considered, ALLISON prays that, in the event it is held liable or otherwise compensates Plaintiff for personal injury or economic damages, it be awarded a judgment against EMPOWER and LIPSHULTZ for all amounts paid by ALLISON to Plaintiff and for its attorney's fees, costs, and expenses expended in defending this litigation and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

LORANCE THOMPSON, P.C.

*Robert Smith*

_____
Robert G. Smith, Jr.
TBN:  00794661
SDBN: 19976
Brennen Boze
TBN: 24069406
SDBN: 2346240
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
E-Mail:  rgs@lorancethompson.com
ATTORNEYS FOR DEFENDANT,
ALLISON MEDICAL, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Third Party Complaint* was filed electronically on this 8th day of January 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

**Counsel for Plaintiffs**
Jarrett L. Ellzey
Leigh S. Montgomery
Hughes Ellzey, LLP
1105 Milford St.
Houston, TX 77006
jarrett@hughesellzey.com
leigh@hughesellzey.com

*Robert Smith*

_____
Robert G. Smith, Jr.

632919.1 PLD 9930 21454 BB

6